IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2022

## GEORGE CAMPBELL, JR. v. BERT BOYD, WARDEN

**Appeal from the Criminal Court for Shelby County
Nos. 93-00428, 93-00429   J. Robert Carter, Jr., Judge**

_____

### No. W2021-00541-CCA-R3-HC
_____

The Petitioner, George Campbell, Jr., acting pro se, appeals the Shelby County Criminal Court's summary dismissal of his second petition for habeas corpus relief.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

George Campbell, Jr., Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

In 1994, the Petitioner was convicted of felony murder and aggravated assault, for which he received an effective sentence of life plus ten years confinement. State v. George Campbell, Jr., No. 02-C-01-9408-CR00165, 1996 WL 368224, at *1 (Tenn. Crim. App. June 28, 1996), perm. app. denied (Tenn. Jan. 6, 1997).  The Petitioner has since filed numerous unsuccessful post-judgment motions seeking relief from his convictions. In 1998, the Petitioner filed a petition for post-conviction relief, the denial of which was affirmed by this court.  George Campbell, Jr. v. State, No. W2000-00703-CCA-R3-PC, 2001 WL 1042112, at *1 (Tenn. Crim. App. Sept. 10, 2001), perm. app. denied (Tenn. Dec. 27, 2001).  In 2002, the Petitioner filed a pro se petition for writ of habeas corpus relief, the dismissal of which was affirmed by this court.  George Campbell, Jr. v. Bruce Westbrooks, Warden, No. W2002-02086-CCA-R3-CO, 2003 WL 22309471, at *1 (Tenn. Crim. App. Oct. 6, 2003) (dismissed for failure to properly file and failure to raise

cognizable habeas corpus claims). The Petitioner has also filed three unsuccessful petitions for writ of error coram nobis in 2007, 2010, and 2016. See George Campbell, Jr. v. State, No. W2007-00820-CCA-R3-CO, 2008 WL 2219305, at *1 (Tenn. Crim. App. May 28, 2008) (memorandum opinion affirming denial as petition was time-barred by twelve years and no evidence of due process tolling); George Campbell, Jr. v. State, No. W2012- 00566-CCA-R3-CO, 2013 WL 3291902 at *1 (Tenn. Crim. App. June 25, 2013), perm. app. denied (Tenn. July 14, 2014) (same); George Campbell, Jr. v. State, No. W2019-01526-CCA-R3-PC, 2020 WL 6793390, at *1 (Tenn. Crim. App. Nov. 18, 2020) (affirming denial of motion seeking relief under civil procedure rules and concluding that the petitioner's allegations that the original trial judge had a conflict of interest were unfounded).

The Petitioner filed the instant petition for writ of habeas corpus relief on December 5, 2020, alleging that his convictions were void due to prosecutorial misconduct at trial which resulted in violations of his right against double jeopardy. The State filed a motion to dismiss the petition arguing (1) the Petitioner failed to comply with Tennessee Code Annotated section 29-21-105 by not filing his petition in the most convenient court, (2) the Petitioner failed to comply with section 29-21-107 by failing to attach his prior habeas corpus petition to the current application, and (3) the Petitioner did not allege a cognizable claim for relief. See Tenn. Code Ann. §§ 29-21-105, -107. The habeas court dismissed the petition on April 26, 2021, noting in its order that "[a]t some point the Petitioner has been released from custody on this case (having satisfied or 'flattened' the sentence or being paroled)." The habeas court then concluded:

> Habeas corpus relief is available to individuals who [are] being illegally confined or restrained as a result of a void judgment. In this cause, Petitioner is no longer imprisoned on this case. There is no need for this court to further analyze the merits of the petition or the motion to dismiss the petition. [Tenn. Code Ann.] § 29-21-101 (a)[;] McFerren v[]. State[, No. W2010-02101-CCA-R3-HC, 2011 WL 1901634, at *2] (Tenn. Crim. App. May 12, 2011)

The Petitioner filed a timely notice of appeal on May 17, 2021.

## ANALYSIS

The Petitioner argues the habeas court erred by summarily dismissing his petition after concluding habeas corpus relief was not available to him because the Petitioner had been released from custody. He claims the habeas court had jurisdiction to hear his claim because he was still "restrained of his liberty" by virtue of the conditions of his parole. The State acknowledges "the habeas corpus court improperly concluded that the Petitioner's parole status rendered his petition moot"; however, it argues dismissal was proper because

the Petitioner (1) failed to comply with the procedural requirements of Tennessee Code Annotated sections 29-21-105 and 29-21-107 and (2) failed to allege a cognizable claim for relief. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)). A prisoner is guaranteed the right to habeas corpus relief under article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see Tenn. Code Ann. §§ 29-21- 101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161- 64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529; Archer, 851 S.W.2d at 161-64). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Summers, 212 S.W.3d at

261; Hickman, 153 S.W.3d at 20. "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261. Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Id. at 259.

The record shows the Petitioner failed to comply with the mandatory procedural requirements of Tennessee Code Annotated sections 29-21-105 and 29-21-107. See id. at 259-60. Section 105 states, "[t]he application [for the writ of habeas corpus relief] should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Tenn. Code Ann. § 29-21-105; see Davis v. State, 261 S.W.3d 16, 20-21 (Tenn. Crim. App. 2008) ("if a petition does state a reason explaining why it was filed in a court other than the one nearest the petitioner, the petition may be dismissed pursuant to this section only if the stated reason is insufficient"). In the instant case, the Petitioner filed his habeas corpus petition with the convicting court in Shelby County while incarcerated in a correctional facility in Johnson County. He claimed filing his petition in Shelby County was proper because the convicting court retained the relevant records from his underlying conviction and was familiar with the issues presented at the Petitioner's trial. This court dismissed the Petitioner's first petition for writ of habeas corpus in part on similar grounds. George Campbell, Jr., 2003 WL 22309471, at *2 (noting that the Petitioner stated that he filed his petition in the Shelby County Criminal Court because he was convicted and sentenced in Shelby County and the Shelby County court possessed all the necessary records which is not a "sufficient reason" under section 29-21-105 for filing a petition for habeas corpus relief in the court of conviction instead of the court most convenient to the Petitioner).

This court has previously held, "the fact that the convicting court possesses relevant records and retains the authority to correct an illegal sentence at any time [may be] a sufficient reason" for a petitioner to file in a court other than the one closest in point of distance when alleging that his sentence is illegal. See Davis, 261 S.W.3d at 22. However, the fact that a court possesses relevant records alone is insufficient to confer jurisdiction under section 105 when a petitioner alleges his convictions are void. See Timmy Charles McDaniel v. David Sexton, Warden, No. E2012-01443-CCA-R3-HC, 2013 WL 1190813, at *5 (Tenn. Crim. App. March 25, 2013) (concluding the fact that the trial court possessed relevant records and retained jurisdiction to correct the petitioner's illegal sentence was an insufficient reason for filing in the convicting court when the petitioner did not claim his sentence was illegal); Vance McCaslin v. State, No. M2009-00898-CCA-R3-HC, 2010 WL 1633391 at*3 (Tenn. Crim. App. Apr. 7, 2010) ("The fact that a Giles County court entered the Petitioner's sentence is an insufficient reason for the Petitioner to file his petition in Giles County rather than Hickman County[, the county of incarceration]."). The Petitioner in the instant case does not allege his sentence is illegal; rather he claims his

convictions are void on their face. Accordingly, the Petitioner's explanation for filing in the convicting court rather than the court closest to his place of incarceration is insufficient under section 29-21-105, and it provided the habeas corpus court with a proper ground to summarily dismiss the petition.

Even assuming the Petitioner filed his petition in the proper venue, section 29-21-107(b)(4) requires a petition for habeas corpus relief to state "[t]hat it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do." Tenn. Code Ann. § 29-21-107(b)(4). The record indicates that the current petition is the Petitioner's second petition for writ of habeas corpus relief. However, it does not appear from the record that the prior petition was attached to the current application. Thus, the Petitioner has also failed to comply with the mandatory requirement of Tennessee Code Annotated section 29-21-107, providing the habeas court with another ground for summary dismissal of the petition.

Notwithstanding the petition's procedural defects, the dismissal of the petition was proper because the Petitioner failed to allege a cognizable claim for habeas corpus relief. In the current petition, the Petitioner claims the State committed prosecutorial misconduct by pursuing convictions against him which resulted in violations of his right against double jeopardy. See U.S. Const. amend. V; Tenn. Const. art. I, § 10. Even if true, the Petitioner's claims would not entitle him to habeas corpus relief because they would require "proof beyond the face of the record or judgment," resulting in a voidable judgment only. Summers, 212 S.W.3d at 255-56 (the writ of habeas corpus is limited to void judgments); see also Anthony H. Dean v. Cherry Lindamood, Warden, No. M2016-00033-CCA-R3-HC, 2016 WL 4446804, at *3 (Tenn. Crim. App. Aug. 22, 2016) ("Prosecutorial misconduct is not cognizable in a habeas petition as it is not the type of issue that would render a judgment void."); Tiffany Davis v. Brenda Jones, Warden, No. M2014-00386-CCA-R3-HC, 2014 WL 3749443, at *2 (Tenn. Crim. App. July 30, 2014) ("a violation of principles of double jeopardy does not render a conviction void, and, accordingly, occasions no cause for habeas corpus relief"). Accordingly, the Petitioner is not entitled to relief and the habeas court's dismissal was proper.

We acknowledge, as conceded by the State, that the ground upon which the habeas corpus court relied for dismissal was improper. See Timmy Herndon v. State, No. W2011-01435- CCA-R3-HC, 2012 WL 5868932, at *4 (Tenn. Crim. App. Nov. 20, 2012) (holding that the habeas corpus court erred in summarily dismissing the petition as moot because the petitioner was released on parole), perm. app. denied (Tenn. Apr. 9, 2013). Nevertheless, based on the Petitioner's failure to comply with statutory filing requirements, and his failure to allege a cognizable claim for relief, we conclude summary dismissal was appropriate.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment summarily dismissing the petition for writ of habeas corpus.

_____
CAMILLE R. MCMULLEN, JUDGE